**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

United States Fidelity and Guarantee Insurance Company, Catherine L. Rootness, Trustee for the Heirs and Next of Kin of Brent A. Hincher, deceased, and Payless Cashways, Inc., d/b/a/ Knox Lumber Company,

Civil File No. 01-399 (MJD/JGL)

Plaintiffs,

v.

**MEMORANDUM AND ORDER**

Commercial Union Midwest Insurance Company, American Employers' Insurance Company and KamCo Incorporated f/k/a WBL Services, Inc.,

Defendants.

---

This matter is before the Court on a Motion for Summary Judgment and Motion for Rule 11 Sanctions by Defendant KamCo Incorporated ("KamCo"). For the reasons that follow, Defendant's motions are denied.

**BACKGROUND**

Plaintiffs in this action are (1) Payless Cashways, Inc. ("Payless"), d/b/a/ Knox Lumber Company, (2) Catherine L. Rootness, Trustee for the Heirs and Next of Kin of Brent A. Hincher ("Hincher"), the deceased, and (3) United States Fidelity and Guarantee Insurance Company ("USD&G"), Payless's Insurance Company. Defendants in this action are (1)

FILED DEC 18 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD_______
DEPUTY CLERK_______

KamCo Incorporated ("KamCo") f/k/a WBL Services, Inc., (2) Commercial Union Midwest Insurance Company ("CU Midwest"), and (3) American Employers' Insurance Company ("American"). In short, this litigation involves who is to pay $750,000 for the accidental death of Brent A. Hincher. Defendant KamCo asserts that the present action is barred by the doctrines of res judicata and release.

Payless Insurance Company entered into a contract with KamCo for the re-merchandizing of some of its stores, including a Knox Lumber Company store in Newport, Minnesota. During contract negotiations, Payless sent KamCo supplemental terms and conditions to the contract. Pursuant to Paragraph 6 of the supplemental terms and conditions, KamCo was to procure the specified insurance coverage prior to commencement of work. KamCo proceeded to do the work without any further discussions with Payless about those terms and conditions.

Brent A. Hincher was a KamCo employee working on the project. Part of the project involved removing and reconfiguring large racks holding Knox Lumber merchandise. On July 8, 1997, Hincher was killed when a shelf tipped and fell on him. Both KamCo and Knox Lumber employees had worked in the area where the accident occurred. Rootness, on behalf of Hincher's heirs and kin, filed suit against Payless in the United States District Court for the District of Minnesota. Judge Richard H. Kyle was assigned the case. Thereafter, Payless asserted a third-party claim against KamCo on the basis that KamCo was obligated to indemnify and defend Payless pursuant to the supplemental terms and conditions of their

contract. Payless sought indemnity and contribution from KamCo to the extent of its liability to Hincher.

KamCo moved for summary judgment. Then, KamCo and Payless entered a stipulation to refine the issues. The stipulation provided that:

> 5) KamCo and Payless have agreed that **if** the Court finds any enforceable contract between KamCo and Payless includes the supplementary terms and conditions, **and if** the Court finds the indemnity provision is enforceable (i.e. is not null and void) against KamCo, then KamCo and Payless agree that KamCo's indemnity obligation is solely limited to fault which Payless proves against KamCo in this action.
>
> . . .
>
> 7) Payless will dismiss its claim for defense costs (including attorneys fees, costs and expenses), and agrees that it will not request that KamCo defend it, or otherwise seek defense costs (including attorneys fees, costs and expenses), now or at any time in the future, as it relates to this litigation.

(Def. Ex. 4.)

Judge Kyle held a bench trial to resolve certain issues in the case, and determined that the supplemental terms and conditions were part of the parties' contract. In addition to the duty to defend, the supplemental terms and conditions of the contract between Payless and KamCo provided that:

> Contractor shall provide and maintain insurance at all times during the term of this Agreement in accordance with the schedule set forth below, in each case naming Owner as additional Insured. Contractor shall submit such insurance policies or certificates of insurance to Owner for approval prior to commencement of the Work.

(See Supplementary Terms and Conditions Agreement ¶ 6.) KamCo asserts that it purchased

insurance, Policy Number PZDZ68352, from CU Midwest, with a policy period from December 31, 1996, to December 31, 1997, naming Payless as an additional insured.

According to Plaintiffs, KamCo did not appear at or participate in the bench trial, as it had reached a settlement agreement with Payless and Hincher's trustee on a Pierringer basis. Thereafter, Payless contacted CU Midwest and American regarding insurance coverage for liability in this case and whether they would participate in settlement negotiations with Hincher's trustee. According to Payless, the insurance companies first denied that it was an insured under the policy. Thereafter, both insurance companies denied insured status under the primary liability policy but admitted contingent insured status under the umbrella policy. Furthermore, neither insurance company was party to the ongoing litigation between Hincher's trustee and Payless.

On February 25, 2000, a jury returned a verdict in favor of Hincher. The jury apportioned negligence, and concluded that Payless was partially at fault. After offsets for Hincher's and KamCo's comparative fault, judgment was rendered against Payless. Payless owed approximately $750,000 to Hincher's trustee. Hincher's trustee appealed on several issues, but settled soon thereafter with Payless and its insurer, USF&G, who agreed to pay $750,000 in settlement. KamCo, CU Midwest, and American were given notice of the settlement. CU Midwest and American refused to pay any portion of the judgment owed to Hincher as a result of Payless's negligence. Accordingly, on March 26, 2001, Payless, USF&G, and Hincher's trustee commenced this action against KamCo, American, and CU

Midwest.

**DISCUSSION**

1. Standard

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Unigroup, Inc. v. O'Rourke Storage & Transfer Co., 980 F.2d 1217, 1219-20 (8th Cir. 1992). The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. See Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik, 47 F.3d at 957. The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. See Enter. Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996).

2. Analysis

KamCo asserts that Payless is barred by the doctrine of res judicata from bringing this suit. The doctrine of res judicata applies to repetitive suits involving the same cause of action. C.I.R. v. Sunnen, 333 U.S. 591, 597 (1948); Lundquist v. Rice Mem'l Hosp., 238 F.3d

975, 977 (8th Cir. 2001). Final judgment on the merits of an action precludes the same parties from relitigating issues that were or could have been raised in that action. Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398-99 (1981). Res judicata will bar a party from asserting a claim when (1) the prior judgment was entered by a court of competent jurisdiction; (2) the prior decision was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. Lundquist, 238 F.3d at 977. Once these three elements are met, the parties are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." C.I.R. v. Sunnen, 333 U.S. at 597 (citation omitted). Nevertheless, it is well-settled law that res judicata does not apply to claims that did not exist when the first suit was filed. Lundquist v. Rice Mem. Hosp., 238 F.3d 975 (8th Cir. 2001); Baker Group, L.C. v. Burlington Northern & Santa Fe Ry. Co., 228 F.3d 883, 886 (8th Cir. 2000).

KamCo argues that the first two elements of res judicata are satisfied. Judge Kyle presided over the prior matter, and a jury returned a verdict upon which the court ordered the entry of judgment. KamCo also argues that the third element of res judicata is satisfied. Payless sued on the contract, seeking recovery of defense costs and indemnity from KamCo. KamCo asserts that Payless is really seeking defense costs and indemnity in the present action, although this time, pursuant to the insurance clause of the supplementary agreement. KamCo argues that because Payless could have litigated this issue before, Payless is barred

from raising it now. KamCo argues that it is irrelevant that the insurance companies were not party to the prior suit because they were not in privity on the contract.

Plaintiffs assert that KamCo's duty to insure Payless was not litigated in the prior suit. Plaintiffs assert that KamCo's duty to insure it is separate and distinct from any duty to indemnify it for Payless's own negligence, which was litigated before. Thus, Plaintiffs assert, there could be no final judgment on the merits. Plaintiffs also assert that the third element of res judicata cannot be met. Plaintiffs assert that the duty to insure could not have been litigated because essential parties–American and CU Midwest–were not parties to the prior suit.

Payless also argues that KamCo contractually promised to make Payless an additional insured. Payless asserts that KamCo breached the agreement because KamCo did not have Payless added as an additional insured to any of its insurance contracts. Rather, KamCo had in place a commercial general liability policy with American and an umbrella policy with CU Midwest. When Payless attempted to assert its insurance claim, American and CU Midwest first asserted that KamCo had never made Payless an additional insured under the policy. Then, CU Midwest notified Payless that under KamCo's umbrella policy, parties were automatically made additional insureds if a contract so obligated. The issue of whether the supplemental terms and conditions were part of the contract in this case was resolved by the bench trial, and it was never appealed. Now, according to Payless, American and CU Midwest assert that the umbrella policy is excess over Payless's insurance policy with

USF&G, and that they have no obligation to pay anything unless that insurance is exhausted. Payless's coverage under USF&G is worth $1 million, and the judgment in this case is only $750,000, so the policy is not exhausted.

Payless argues that if KamCo had fulfilled its obligation of naming Payless as a primary insured under KamCo's primary Comprehensive General Liability policy in the first place, none of these issues would exist now. The Comprehensive General Liability policy would have paid the judgment. Accordingly, Payless argues that these events are the basis of its claim that KamCo breached the contract.

Finally, Plaintiffs assert that res judicata does not bar claims arising out of the same facts against defendants who were not parties to the first action. Plaintiffs argue that res judicata is an equitable doctrine and should be invoked only after careful inquiry. See Wilson v. Comm'r of Revenue, 619 N.W.2d 194, 198 (Minn. 2000); G.A.W., III v. D.M.W., 596 N.W.2d 284, 288 (Minn. Ct. App. 1999).

After careful review of the record, the Court determines that the issue presented in the underlying case was not and could not have been litigated in the prior lawsuit. The third prong of the res judicata test is not met. It is clear that KamCo's duty to insure Payless was not litigated in the prior lawsuit. Only KamCo's duty to indemnify and defend were raised in the prior lawsuit. Furthermore, only those issues were the subject of the parties' stipulation. Indeed, the plain language of the stipulation limited KamCo's "indemnity" obligation and provided that Payless would dismiss its claim for defense costs "as it relates

to this litigation." See Stipulation of Third-Party Defendant KamCo Enterprises, Inc. and Payless Cashways, Inc. Relating to Contract Indemnity and Defense Issues at ¶¶ 5 and 7. The Court will not read the parties' stipulation any broader to include KamCo's duty to procure insurance. Thus, the stipulation does not act as a waiver and release of claims relating to the insurance provision.

Additionally, the settlement agreement between Hincher's trustee and KamCo and its insurers covered claims relating only to KamCo's fault or negligence and the indemnity provision of the Payless-KamCo contract. (See Settlement Agreement and Pierringer Release pp.3-4.) That settlement agreement even specifically contemplated that Hincher's trustee would have no obligation to indemnify or defend KamCo or its insurers for liability or contractual obligations arising out of the insurance provision in paragraph 6 of the Payless-KamCo contract at issue in this lawsuit. (Id. at 4 ¶G.) It is clear that even then, at the very least, Defendants viewed the insurance provision as a separate and distinct provision of the contract, not to be conflated with the indemnity provision.

Finally, KamCo's duty to insure Payless could not have been litigated in the prior lawsuit because the controversy over the insurance provision of the contract did not arise until after the prior lawsuit commenced and when Payless sought insurance coverage from CU Midwest and American. Based on Payless's attempts to seek that insurance coverage, fact questions exist on whether KamCo procured the appropriate insurance coverage as required under the contract.

**CONCLUSION**

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Summary Judgment (Clerk Doc. No. 9) is **DENIED**; and

2. Defendant's Motion for Sanctions (Clerk Doc. No. 15) is **DENIED**.

Dated: Dec. 17, 2001

Michael J. Davis
United States District Court Judge